Robert HENDERSON, Petitioner—Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.

No. 03–73305.
IRS No. 12135–01.

United States Court of Appeals, Ninth Circuit.

Submitted July 12, 2004.*

Decided July 16, 2004.

Robert Henderson, Long Beach, CA, pro se.

Charles S. Casazza, B. John Williams, Jr., Shearman & Sterling, LLP, Richard Farber, Eileen J. O'Connor, U.S. Department of Justice, Washington, DC, for Respondent–Appellee.

Before HAWKINS, THOMAS, and BYBEE, Circuit Judges.

MEMORANDUM**

Robert Henderson appeals pro se the order of the Tax Court denying his motion for reconsideration following the Tax Court's judgment holding that his receipt of income pursuant to a settlement agreement with Morgan Stanley, Dean Witter & Company was not excludable from taxable income under 26 U.S.C. § 104(a)(2). We have jurisdiction pursuant to 26 U.S.C. § 7482. We review the Tax Court's denial of a motion for reconsideration for abuse of discretion, *Lucky Stores, Inc. v. Comm'r,* 153 F.3d 964, 967 (9th Cir.1998), and we affirm.

The Tax Court did not abuse its discretion because the record reflects that Henderson's settlement agreement stemmed from damage to his credit reputation, not from physical injury or physical sickness. *See Comm'r v. Schleier,* 515 U.S. 323, 330, 115 S.Ct. 2159, 132 L.Ed.2d 294 (1995). Even assuming that Henderson suffers from a pre-existing physical sickness, he failed to submit evidence demonstrating that harm to his reputation resulted in personal injuries. *See Banaitis v. Comm'r,* 340 F.3d 1074, 1080 (9th Cir.2003).

AFFIRMED.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.